**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**William T. MONAHAN, Appellant**

Superior Court of Pennsylvania.

Submitted July 6, 2004.
Filed Oct. 1, 2004.

Jeffrey Mitchell, Wyalusing, for appellant.

George P. Skumanick, Jr., Asst. Dist. Atty., Tunkhannock, for Com., appellee.

Before: KLEIN, GANTMAN and TAMILIA, JJ.

KLEIN, J.:

¶ 1 William Monahan appeals from the judgment of sentence for institutional vandalism, imposed by the Court of Common Pleas of Wyoming County on March 8, 2004. Monahan argues his sentence is excessive and the trial judge did not state sufficient reasons on the record to justify a sentence above the aggravated range.[1] Following acceptance of Monahan's guilty plea, the trial court sentenced him to the statutory maximum of 12 to 24 months' incarceration, and ordered that it run consecutive to the sentence Monahan was then serving on unrelated charges.

---

1. A substantial question exists where a defendant alleges that the sentencing court failed to provide reasons on the record for imposing sentence outside the guidelines. *Commonwealth v. Canfield*, 432 Pa.Super. 496, 639 A.2d 46, 49 (1994). Monahan sets forth a separate, concise statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), alleging *inter alia*, that the trial court failed to provide sufficient reasons for imposing the maximum sentence. We find a substantial question exists. Therefore, we will review Monahan's discretionary sentencing claim.

■ ¶ 2 On the record before us, it is impossible to ascertain what the trial judge was thinking when he imposed a sentence twice the aggravated range for the offense to which the defendant pled guilty. Therefore, we vacate the judgment of sentence and remand for re-sentencing and supplementation of the record.

■ ¶ 3 Very likely, the trial judge had more than adequate reasons for his sentence, and we will be privy to such once he explains his reasoning and the record is complete. As we said in *Commonwealth v. Walls*, 846 A.2d 152, 154 (Pa.Super.2004), although sentencing judges have broad discretion, they do not have unfettered or unchecked discretion. *See also Commonwealth v. Gause*, 442 Pa.Super. 329, 659 A.2d 1014 (1995). Therefore, when a sentence exceeds the aggravated range of the guidelines and there is an allegation of excessiveness, this Court must review the record to determine whether there was an abuse of discretion. That is only possible if the reasons for the deviation are clearly stated on the record and we can determine that the trial judge assessed all factors of sentencing, not just the seriousness of the crime.

¶ 4 That is not the case here. The reasons stated for the sentence imposed are cryptic at best, referring mostly to the nature of the crime, which is generally contemplated by the guidelines in any event. Despite an alleged pre-sentence investigation, in reality there is no indication anywhere in the record of the character and background of the defendant.

¶ 5 The facts of the case are the following. While a prisoner at the Wyoming County Correctional Facility, Monahan and another prisoner damaged an air vent in the prison library. The Commonwealth maintained that this happened when they removed the air vent from the ceiling during an escape attempt gone awry. Mona-han claimed he was attempting suicide. There was no plea to attempted escape, only a guilty plea to the charge of institutional vandalism.

¶ 6 The summary of the facts during the guilty plea to institutional vandalism made no mention of the reason for the damage, and in fact the Commonwealth's theory of attempted escape does not officially appear of record. The assistant district attorney stated:

[Monahan] did while in the Wyoming County Correctional Facility damage a ceiling vent with an estimated value of $182.00 The Commonwealth contends this is Institutional Vandalism and that it is a governmental institution.

(N.T. 2/11/04, pp. 10–11).

¶ 7 The trial judge stated:

If the charge of Institutional Vandalism went to court the Commonwealth would have to prove beyond a reasonable [sic] that you damaged a portion of the Wyoming County Correctional Facility which is certainly a municipal building or a county or government building and you did so knowingly or intentionally.

(*Id.* at 11–12). Thereafter, rather than anyone discussing or even implicating an attempted escape, Monahan's counsel stated that the institutional vandalism "was in regards to a suicide attempt." (*Id.* at 14).

¶ 8 During the guilty plea colloquy, which immediately preceded sentencing, the trial judge stated, "I'm sufficiently familiar with your [Monahan's] background so that we [will] skip the informational part of this and go right to the offers of proof." *Id.* at 10. The trial judge may well be familiar with Monahan's background, but we are not. Statements like that, with no amplification, make it impossible for an appellate court to carry out its duty of reviewing Monahan's background to determine whether or not the court

abused its discretion in imposing an excessive sentence.

¶ 9 In his one-and-one-half-page Pa. R.A.P.1925(a) opinion, the trial judge noted his belief that the incident was just as likely a failed escape attempt than it was a failed suicide attempt, and apparently based his sentence in part upon an attempted escape, to which Monahan never pled guilty and, in fact, denied. The trial judge's legal discussion, in its entirety, consists of the following:

> At sentencing this Court relied on a presentence investigation report which has been made part of the record.[2] The reasons for sentence were stated at the time of sentencing, including the reasons for imposing a sentence in excess of the "aggravated range" of the sentencing guidelines. The Defendant's only apparent contention is that the sentence was not within the "standard range" guidelines.

(Opinion, 3/19/04, 2).

¶ 10 Therefore, it is necessary to turn to what was expressed at sentencing. Unfortunately, however, the sentencing notes of testimony reveal little more. The trial judge offered the following for imposing the statutory maximum sentence:

> With respect to Institutional Vandalism, however, the sentence is beyond the aggravated range—in fact, is a statutory minimum and maximum, the court believes that any lesser sentence would depreciate the seriousness of his conduct. The incident occurred while he was incarcerated for multiple offenses and acted in total disregard to the consequences of his acts and to the criminal justice system. He is already incarcerated in a state correctional institution

for other matters. And as I said the court believes that any lesser sentence would depreciate the seriousness of his conduct.

(N.T. 2/11/04, pp. 16–17). This scarcely aids our evaluation of the reasonableness of the sentence, and, moreover, seems to indicate that the sentence is based on what the judge perceived to be an attempted escape, a crime to which the defendant never pled guilty and, in fact, denied. The crime which "should not be depreciated" is damage to a ceiling vent valued at $182.00, certainly not a horrendous crime.

■ ¶ 11 It is not enough to focus only on the offense and say it is a bad crime; that is already taken into consideration by the sentencing guidelines. Rather, the trial judge must explain why this particular offense is more severe than the normal crime of this type. *Commonwealth v. Caraballo*, 848 A.2d 1018, 1020 (Pa.Super.2004).

¶ 12 What is captioned "Pre-sentence Investigation" report in the record—assuming what is in the record encompasses the entire pre-sentence report—adds little. It merely indexes Monahan's prior crimes, without providing any detail or background information concerning the offenses. It also appears that the sentencing guideline form is flawed due to an arithmetical error. Monahan had one third-degree felony (F3) conviction for theft by receiving stolen property, which bears a record score of "1" on the sentencing guideline form, and two misdemeanors for unauthorized use of an automobile, which together comprise another "1" on the sentencing guideline form. Thus, Monahan's prior record score totaled "2" and should have been so recorded. How-

---

**2.** We welcome the inclusion of the pre-sentence report in the record, which often does not happen. However, since pre-sentence reports are to remain confidential under Pa. R.Crim.P. 703, they should not be made part of the record open to the public but instead sealed and transmitted to the prothonotary of this Court accordingly.

ever, the pre-sentence report lists Monahan's prior record score as "1."

¶ 13 Therefore, it is possible that all parties were working with the wrong sentencing guideline range. Assuming defendant's prior record score is "2," the standard range for institutional vandalism is restorative sanctions to 3 months' incarceration, with an aggravated range of 6 months.[3]

¶ 14 Under Pa.R.Crim.P 702(A)(3), a pre-sentence report "shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence." What is in the record before us does not remotely meet this requirement. Of the sixteen pages of the pre-sentence report, eleven concern the medial treatment of Michael Cox, another inmate whom Monahan assaulted for which Monahan pled guilty to harassment and was ordered to pay restitution of over $1,000. Of the remaining five pages: one contains only the incorrectly-totaled sentencing guideline form; a second lists the value of the vent at $182 and the expenses for the harassment charge; a third contains an additional index of the harassment charge; and the final two pages perfunctorily itemize the prior offenses, providing no details or basic descriptive information about Monahan, such as date of birth, sex, race, marital status, and physical description.

■ ¶ 15 Therefore, when the trial judge states in his Rule 1925(a) opinion, "this Court relied on a pre-sentence investigation report which has been made part of the record," he is either referring to a pre-sentence report not included in the certified record, or the pre-sentence report which is contained in the record but which says nothing about the character of the defendant and is of little aid to the judge in fulfilling his duty of imposing sentence. Indeed, in fashioning sentence, a judge is obligated "to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.

■ ¶ 16 We note that the "gravity of the offense" here is a $182 loss and the "victim" is a prison. It is hard to fathom why this is more serious than the normal institutional vandalism charge. As we said in *Walls, supra*, "The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a 'typical' or 'normal' case of the offense under consideration." 846 A.2d at 158.

¶ 17 From the record before us, we can discern nothing about the character of the defendant beyond the crimes for which he has been convicted. Again, while it is possible that the trial judge already knew Monahan from prior contact, nothing in the record reveals to us the nature, quality, or extent of that knowledge.

■ ¶ 18 We hesitate to regard the document in the certified record as a pre-sentence investigation report, despite its ostensible title. To satisfy the requirements of Rule 702, a pre-sentence investigation report should at least contain basic information about the defendant such as:

---

3. The aggravated and mitigated ranges are plus or minus 3. Thus, the total aggravated range is 6 months' incarceration. 42 Pa.C.S. § 9721. The standard range for the same offense based on a prior record score of "1" is restorative sanctions to 2 months' incarceration, with a total aggravated range of 5 months. *Id.*

(a) Education—highest grade completed.

(b) Occupation and employment history

(c) Marital status

(d) Children

(e) The official version of the offense

(f) The defendant's version of the offense.

(g) A social hereditary history, including family background, living situation, etc.

(h) Physical and mental health

(i) Drug or Alcohol Use

(j) Military history

(k) Financial status

(l) Role of Religion in defendant's life

(m) Hobbies and leisure activities

(n) Sources of this information

(o) An evaluation by the pre-sentence investigator

¶ 19 In the instant case, nothing in the record informs this Court, beyond that which is already indicated by the prior record score, what makes Monahan's acts so extraordinarily bad as to deserve the absolute maximum legal sentence, which is twice the aggravated range.

¶ 20 As noted, sentencing judges do not have unbridled discretion in imposing sentence, but are subject to appellate review for reasonableness. *Caraballo, supra; Walls, supra.* Unless enough information is submitted to this Court to make that review, we cannot fulfill our duty. Trial judges must realize that we are not going to merely rubber stamp what they do, and, without consideration, justify sentences that fall outside the aggravated or minimum ranges of the sentencing guidelines.

¶ 21 Judgment of sentence vacated. Case remanded for re-sentencing, a supplemental pre-sentence investigation report as outlined above, and a full explanation of the reasons for the sentence, should it deviate from the guidelines. Jurisdiction relinquished.