J-S42022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER ZANE GRAEFF | |
| Appellant | No. 1784 WDA 2013 |

Appeal from the Judgment of Sentence October 17, 2013
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000404-2013

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 04, 2014**

Appellant Christopher Graeff ("Appellant") challenges as excessive the trial court's judgment of sentence following his guilty plea to one count of simple assault,[1] a misdemeanor of the second degree.  After careful review, we affirm.

On September 16, 2013, Appellant pled guilty to a simple assault that he perpetrated while intoxicated on August 12, 2013.  **See generally** N.T. 9/9/2013.  On October 15, 2013, the trial court imposed a five (5) to twenty-three (23) month sentence of incarceration, and a $2,000.00 fine.[2] N.T. 10/15/2013, p. 22.  This sentence represented an upward deviation

_____

[1] 18 Pa.C.S. § 2701(a).

[2] Misdemeanors of the second degree are punishable by up to two years of imprisonment and fines of up to $5,000.00.  **See** 18 Pa.C.S. §§ 1101, 1104.

from Appellant's sentencing guidelines, which gave a standard range of RS-1, plus or minus 3. The trial court further imposed intensive alcohol supervision during Appellant's parole period, including a requirement that Appellant wear an alcohol-detection anklet. *Id.*

On appeal, Appellant presents the following issues for our review:

I. WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED AN EXCESSIVE SENTENCE OF NOT LESS THAN FIVE (5) MONTHS NOR MORE THAN TWENTY-THREE (23) MONTHS AS THE APPELLANT'S PRIOR RECORD SCORE WAS ZERO (0) MAKING THE STANDARD RANGE RS TO ONE (1) PLUS OR MINUS THREE (3)?

II. WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REQUIRED APPELLANT TO WEAR A SCRAM BRACELET FOR THE ENTIRE PAROLE PERIOD AND PAY THE COST OF SAME?

Appellant's Brief at 7.

These claims raise challenges to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4)

whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064.

Appellant in the present case filed a timely notice of appeal, and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant Brief, p. 11. Accordingly, we now determine whether Appellant has raised substantial questions for review and, if so, proceed to a discussion of the merits of the claims. Pa.R.A.P. 2119(f); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super.2013) *(internal citations omitted)*; ***see also*** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." ***Id.*** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***; ***see also Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, "an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial

question for [appellate] review." ***Commonwealth v. Rhoades***, 8 A.3d 912, 918-919 (Pa.Super.2010); ***see also Commonwealth v. Moury***, 992 A.2d 162 (Pa.Super.2010); ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-58 (Pa.Super.2004) (defendant's contention that sentencing court failed to consider mitigating factors in favor of lesser sentence did not present a substantial question that the sentence was not appropriate under the Sentencing Code); ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super.1995) ("An allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate."). However, "a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." ***Rhoades***, 8 A.3d at 919 n.12 (*citing* ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super.2003) (emphasis in original).

In his Pa.R.A.P. 2119(f) statement ("Rule 2119(f) statement"), Appellant alleges that the sentence imposed for simple assault "was so manifestly excessive as to constitute too severe a punishment." Appellant's Brief, p. 11. In support of this claim, the Rule 2119(f) statement asserts:

1. Appellant's conduct did not demonstrate that he was likely to commit a new offense if not incarcerated;

2. A sentence of total confinement was not appropriate given the facts of the instant matters;

3. A sentence of total confinement was not necessary to vindicate the court's authority;

4. Appellant cooperated with the Commonwealth as stated in testimony presented before the [c]ourt;

5. Appellant complied with the conditions of his bail demonstrating a modification of his past behavior; and

6. Appellant demonstrated a reduced need for rehabilitation as he has been in recovery in a longstanding issue with controlled substances.

Appellant's Brief, p. 11. These assertions effectively allege that the sentencing court erred by failing to properly consider alleged mitigating factors and Appellant's rehabilitative needs in fashioning a sentence that deviated upward from the standard range of sentencing guidelines. As such, the Rule 2119(f) statement raises a substantial question for our review.[3] *See Rhoades*, *supra*.

Our standard of review for discretionary aspects of sentencing claims is as follows:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or

---

[3] We further note that Appellant's Brief makes the additional, separate argument that the trial court failed to adequately explain its upward deviation from the standard range of the sentencing guidelines. *See* Appellant's Brief, pp. 12-16. While not expressly included in the Rule 2119(f) statement, we note that this separate claim is interrelated with the mitigating factors issue contained in the statement, and could have provided an independent substantial question for our review. *See Commonwealth v. Monohan*, 860 A.2d 180, 182 (Pa.Super.2004) (a substantial question exists where the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines).

which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the record reveals that the lower court did not abuse its discretion. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). *See* 1925(a) Opinion, pp. 1-2; N.T. 10/15/2013, pp. 18-23.

Appellant's claim that the trial court improperly and excessively sentenced him beyond the sentencing guidelines' standard range fails on the merits. In deviating upward from the sentencing guidelines, the trial court reviewed a pre-sentence investigation report, the sentencing guidelines, and listened to the victim's statement, Appellant's statement, and the statements of counsel. *See* N.T. 10/15/2013, pp. 2-18. The court explained its upward deviation by stating that it considered Appellant's several recent alcohol-related convictions and domestic abuse incidents that did not otherwise factor into Appellant's prior record score and which created recidivism concerns, the court's serious concern with Appellant's conduct in staring down the victim during the plea hearing, the extent of the victim's injuries, and Appellant's failure to take genuine responsibility for his actions.

*Id.* at 20-22. These reasons adequately explained the trial court's upward deviation from the sentencing guidelines.

Appellant's second claim, that the trial court abused its discretion in ordering that the Appellant must wear an alcohol-detecting anklet throughout his parole period, also lacks merit. Initially, the Rule 2119() statement did not include this claim, expressly or otherwise, and we can find it waived for this reason. *See Commonwealth v. Gibbs*, 981 A.2d 274, 283 (Pa.Super.2009) (an inadequate Rule 2119(f) statement may constitute waiver of claims). Further, the claim fails on the merits. When imposing sentence, the Sentencing Code allows trial courts to include release conditions "as may be reasonably related to the sentence." 42 Pa.C.S. § 9755(d). In addition to multiple specific enumerated conditions, the Sentencing Code allows the court to impose "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S. § 9754(c)(13).

Here, the trial court coupled its requirement that Appellant wear an alcohol-detecting anklet throughout the parole period with the requirement that he complete out-patient drug and alcohol counseling. N.T. 10/15/2013. P. 22. While conceding that the requirement that he wear an alcohol-detection anklet during the period of his parole does not restrict his liberty, Appellant argues that the imposition of such a condition is an excessive aspect of his sentence because it is not reasonably related to his

rehabilitation and would cause undue financial hardship. **See** Appellant's Brief, pp. 17-18. Appellant's argument is unconvincing. Given Appellant's consistent involvement with alcohol and controlled substances, the alcohol-detection anklet requirement, like the required drug and alcohol counseling,[4] is reasonably related to Appellant's rehabilitation.

Given the foregoing, Appellant's claims regarding the discretionary aspects of his sentence fail on the merits. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/4/2014

_____

[4] We note Appellant has not challenged the requirement that he attend a program of drug and alcohol counseling.