J. S50006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FREDDIE KNIGHT, | : | No. 911 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 3, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0005253-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED SEPTEMBER 2, 2014**

This is an appeal from the judghment of sentence entered April 3, 2013, in the Court of Common Pleas of Allegheny County following appellant's guilty plea to several charges stemming from a motor vehicle accident.  We affirm.

At appellant's guilty plea hearing, the Commonwealth presented the following summary of the evidence:

> That on February 12, 2012, the victim, Tammy Roberts, and her boyfriend, Peter Gearhart, were having dinner at the Creighton Hotel located at 995 Freeport Road in East Deer Township, Allegheny County.
>
> Roberts and Gearhart left the restaurant around 10:00 that evening, intending to walk to their home which was only a few blocks away.  After the victim and Gearhart exited the restaurant, they found themselves on the sidewalk at the foot of

several cement stairs descending from the main bar entrance.

They noticed the defendant's vehicle traveling southbound on Freeport Road. Peter Gearhart would have testified that the defendant's vehicle which was a 1996 purple Ford Mustang appeared to be traveling at a high rate of speed and when adjacent to the hotel lost control with the car descending into a yaw [sic] and traveling sideways.

Before coming to rest, the defendant's car struck Tammy Roberts and pinned her leg and foot against the front cement stairs of the Creighton Hotel.

Gearhart could see the defendant, Freddie Knight, in the driver seat of the vehicle with the female later identified as Carrie Arblaster in the front passenger seat.

The defendant then put the car into reverse and began to flee the parking lot. Realizing the defendant was leaving the scene, Mr. Gearhart threw a full sixpack of beer he was carrying at the defendant's car cracking the windshield.

The defendant fled in his vehicle down a side street and eventually out of view of Mr. Gearhart.

Police were immediately called and the description of the defendant and his vehicle was broadcast over police ban [sic]. Fawn Township police officer Christopher Cattone, while on patrol, spotted the defendant's vehicle on Route 908, some 12 miles from the Creighton Hotel.

Defendant's vehicle appeared to be heavily damaged, was smoking, and the head and taillights were flickering.

Officer Cattone initiated lights and sirens and attempted a traffic stop of Knight's vehicle. At that

point Knight accelerated his vehicle with Officer Cattone in pursuit.

As the chase proceeded down Route 908, speeds reached approximately 70 to 80 miles per hour. Near the intersection of 908 and Ridge Road, the defendant drove his car completely into the oncoming lane of traffic and onto the shoulder, finally turning onto a gravel road called Greenhaven Lane.

The defendant's vehicle then spun out of control, striking the pursuing police car before coming to a stop.

Defendant Freddie Knight then emerged from the driver's side door and escaped on foot into the surrounding forest. Officer Cattone gave chase on foot into the woods where he found the defendant several hundred yards away attempting to hide under some vegetation and brush.

Refusing repeated commands to show his hands which the defendant had placed underneath himself, Officer Cattone deployed his taser once on the defendant which compelled Knight to follow directions thereafter.

Knight voluntarily submitted to a blood draw at Allegheny Valley Hospital. The blood [was] tested by the Allegheny County Office of the Medical Examiner at Lab 12LAB01319. Testing performed showed negative results for all legal and prescription narcotics but did find a low level whole blood ethanol reading of 0.019 percent.

The defendant gave a statement to investigating Allegheny County police detectives in which he admitted driving the Mustang, striking the victim, and fleeing from the police.

Although the defendant claimed his vehicle was struck from behind by a pickup truck causing him to lose control of his vehicle before the collision at the

hotel, he did concede that he fled the scene and also the police subsequently due to his driver's license being suspended.

The Commonwealth would have introduced the certified record from the Pennsylvania Department of Transportation showing this defendant's driver's license at the time of this incident was suspended due to various traffic violations.

Carrie Arblaster, who was the passenger in defendant's vehicle, would have testified consistent with the defendant that their vehicle had been forced off the road by a truck.

Arblaster would have also testified that she repeatedly told the defendant to return to the scene of the collision to which the defendant refused saying he had a suspended license.

Arblaster also screamed at [defendant] during the police pursuit, telling him to pull over. Again, [defendant] responded that he had to escape due to the collision and his license being suspended.

The standard vehicle accident reconstruction of the accident was impossible in this case mainly due to the defendant leaving the scene. Detective Zabelski and others later inspected the defendant's vehicle and found it to be serviceable other than the damage sustained in this incident. All breaking [sic] systems worked appropriately.

Also [in] an attempt to corroborate or disprove the defendant's claim about the truck striking the rear of the defendant's vehicle, detectives inspected and photographed the rear bumper. Some minor damage was noted making a definitive scientific stance on defendant's contention impossible.

Also the defendant did not appear to have the proper insurance covering the vehicle.

. . . .

The victim's injuries in this case, 48-year old Tammy Roberts was initially treated at the scene by EMS service medic no. 272. A bystander with some military combat experience had also applied a tourniquet to the victim's leg prior to EMS arriving.

As the victim's right foot and leg were completely pulverized, EMS personnel realized amputation would be necessary.

Victim was transported via Life Flight 4 to Allegheny General Hospital where she was intubated and underwent immediate emergency surgery for right lower extremity blood [sic] trauma with tibia fibula fracture, open as well as vascular injury.

Ms. Roberts was categorized as being in critical condition and was intubated. Because of extensive trauma to her right leg, her right leg was amputated below the knee. The victim also underwent some 14 follow-up surgical procedures over the next few weeks and months to remove necrotic tissue and shape the stump on her leg to allow for the use of the prosthesis.

In the weeks and months following the medical procedures, the victim went through physical therapy to use a prosthetic leg.

Ms. Roberts is present today. She is in a wheelchair. She does have a prosthetic leg. She is still in the process of learning to use that. She's due to be outfitted with a new, as it was described to me, digital prosthesis which will happen sometime before the defendant's sentencing.

Notes of testimony, 12/13/12 at 10-18.

Appellant pled guilty to accidents involving death or personal injury, resisting arrest, accidents involving death or personal injury while not properly licensed, and fleeing or attempting to elude police in exchange for

the withdrawal of several other charges. On April 3, 2013, the court sentenced appellant to an aggregate term of imprisonment of 5 to 10 years. On April 12, 2013, a post-sentence motion requesting reconsideration of sentence was filed. The trial court denied the post-sentence motion on April 23, 2013. This appeal followed. Appellant was ordered to file a Rule 1925(b) statement and he complied. Appellant raises the following issue:

> I. DID THE SENTENCING COURT ACT UNREASONABLY BY IMPOSING EXCESSIVE SENTENCES RUNNING CONSECUTIVELY AT EACH COUNT AND EXCEEDING THE GUIDELINES AT SOME COUNTS, WITHOUT ADEQUATELY CONSIDERING ALL STATUTORILY REQUIRED SENTENCING FACTORS?

Appellant's brief at 6.

Appellant's claim challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

> Sentencing Code, 42 Pa.C.S.A.
> § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citations omitted).

Instantly, appellant filed a post-sentence motion for reconsideration and then filed a timely notice of appeal. In addition, appellant has complied with the briefing requirements of *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f) by including a concise statement of his reasons for challenging the discretionary aspects of his sentence. Last, appellant presents a substantial question for our review. We have held that "when a sentence exceeds the aggravated range of the guidelines and there is an allegation of excessiveness, this Court must review the record to determine whether there was an abuse of discretion." *Commonwealth v. Monahan*, 860 A.2d 180, 182 (Pa.Super. 2004), *appeal denied*, 878 A.2d 863 (Pa. 2005).

Preliminarily, we note that the sentencing judge has a great deal of discretion in imposing a sentence. A sentence will not be reversed absent an abuse of discretion. *See Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa.Super. 2005) (citation omitted). Moreover,

> [b]y statute, this Court is required to vacate a sentence and remand for resentencing if the

> sentencing court imposed a sentence that is outside of the sentencing guidelines and the sentence is unreasonable. 42 Pa.C.S.A. § 9781(c)(3).
>
> . . . . In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

> In addition, when a sentencing court deviates from the sentencing guidelines, it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant.

**Commonwealth v. Hoch**, 936 A.2d 515, 519 (Pa.Super. 2007) (internal case citations and quotations omitted).

We observe that the Pennsylvania sentencing guidelines are not mandatory, and thus do not prohibit any particular sentence within the statutory maximum. **See**, **e.g.**, **Commonwalth v. Mouzon**, 812 A.2d 617, 621 (Pa. 2002) (plurality); **Commonwealth v. Tirado**, 870 A.2d 362, 366

(Pa.Super. 2005). Here, the trial court imposed an aggregate sentence of 5 to 10 years' imprisonment. More specifically, the trial court imposed consecutive terms of 2 to 4 years for appellant's offenses of accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed which fell beyond the aggravated range of the guidelines, but below the statutory maximum.[1] The trial court imposed consecutive terms of 6 to 12 months for the resisting arrest and fleeing and eluding offenses which fell in the aggravated range.[2] Thus, absent an abuse of discretion, we may not disturb the sentencing court's imposition of sentence.

Appellant argues the trial court failed to give the required individualized consideration to all the Section 9721(b) factors when sentencing him to an "excessive sentence" in the aggravated range on two counts and "completely outside" of the aggravated range on two other counts. (Appellant's brief at 25-26.) We begin by noting that appellant has waived any argument concerning the two offenses, resisting arrest and fleeing and eluding police, for which he received a sentence in the aggravated range. This claim was not preserved in his motion for

---

[1] With an offense gravity score of 5 and a prior record score of 3, the guidelines provide for a standard range of 6 to 16 months and an aggravated range of 16 to 19 months.

[2] With an offense gravity score of 2 and a prior record score of 3, the guidelines provide for a standard range of RS (restorative sanctions) to 4 months and an aggravated range of 4 to 7 months.

reconsideration. (**See** Docket #13.) Additionally, our review of this matter indicates this claim was not in appellant's court-ordered Rule 1925(b) statement and, as such, was not addressed by the trial court in its Rule 1925(a) opinion. (**See** Docket #21.) The first time it appears is in his appellate brief. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007), **appeal denied**, 936 A.2d 40 (Pa. 2007) (an appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions). We will proceed to address appellant's concerns regarding the sentence he received that fell outside the guidelines but within the statutory maximum.

Appellant complains the trial court placed too much emphasis on the victim's serious injuries and his prior criminal history which were factors already accounted for by the guidelines, while failing to adequately consider his rehabilitative needs and other mitigating factors, such as, his job and the effect incarceration would have on his family. Appellant contends the trial court should have placed greater weight on the fact that he took responsibility by pleading guilty, apologizing for his actions and expressing a willingness to pay restitution.

Initially, we note the trial court had the benefit of a pre-sentence report. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the

court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009), citing *Commonwealth v. Devers*, 546 A.2d 12, 18-19 (Pa. 1988). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." *Id.*, citing *Commonwealth v. Fowler*, 893 A.2d 758, 766-767 (Pa.Super. 2006).

It appears appellant is asking us to re-weigh the mitigating factors. In *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009), this court noted the sentencing court was fully informed of all mitigating factors at play. The *Macias* court stated:

> We presume that the court, which was in possession of those facts, applied them. The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range. *We cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court.*

*Id.* (emphasis added).

At the sentencing hearing, the Commonwealth pointed out appellant failed to make any payment on the $11,259 in restitution that he owed the victim. (Notes of testimony, 4/3/13 at 3, 9.) The prosecutor stated he had not objected to appellant being out on bond because it was his hope that

appellant would make some sort of payment to the victim. (*Id.*) The trial court noted that during the time appellant was out on bond, he was involved in a domestic violence assault and a fleeing and eluding offense. (*Id.* at 14.) The court noted appellant's driving history: operator must be licensed, three violations; driving while under suspension, two violations; driving too fast for conditions, one violation; and he failed to respond to notifications from PennDOT ten times. The trial court went on to state:

> The Court has taken into consideration the pre-sentence report, the sentencing guidelines, his individual background, his expression of remorse today, as well as him pleading guilty. The Court notes and incorporated earlier the prior proceedings wherein the injuries to Miss Roberts were listed.
>
> Briefly stated, she has undergone amputation on one of her legs. She has had at least 14 surgical procedures. Skin graphs [sic]. And she has stated several times it has absolutely ruined the quality of her life. Despite her resilience and her resolve to resume life as best she can.
>
> The Court finds that the defendant's history here, he has been sentenced to a period of community supervision, which has failed to impress upon him and rehabilitate him to a positive lifestyle. He has undergone periods of county incarceration for a burglary charge, 2 to 12 months in 1992. Another 3 to 23 and-a-half for a theft case in 1990. And a burglary sentence in 1992 of two to five years. And both times, in state and county, he was paroled and had to be revoked from those paroles by virtue that he failed to abide by the conditions of parole. And he had a firearms charge in 2003 where he got two years['] probation.
>
> The Court has taken into account the long period of time where he was apparently living in

conformity with the law. The Court notes that those offenses are reflected in the prior record score and the Court is not considering them outside of that, except for the fact to note the various periods of supervision, which he has been extended in the community or locally or minimal periods relatively speaking of state incarceration, which has failed to impress upon him the need to conform to the laws of society. And which in this incident, has resulted in harm to Miss Roberts. Not only her, but her significant other, as well as her extended family. And I think her grandchildren talked about it at a prior proceeding.

Consequently, the Court believes consistent with the statutory obligation, taking into account the defendant's individual background, rehabilitative needs, such as they are and have previously attempted to be addressed and noted.

The Court has taken into account the impact of this crime on Miss Roberts and her extended family in terms of the injuries. The Court also has to consider the protection of society so that persons are removed from the danger of Mr. Knight's conduct in the future insofar as I can be within the parameters of the law in my sentencing obligation.

*Id.* at 15-17.

Based on the above, the trial court was aware of the sentencing guidelines, considered all requisite factors, and stated its reasons on the record for sentencing appellant outside the sentencing guidelines. ***See Commonwealth v. Sheller***, 961 A.2d 187, 191-192 (Pa.Super. 2008) (no abuse of discretion for sentencing outside guidelines where sentencing court considered all requisite factors, had benefit of presentence report, and had opportunity to observe defendant's characteristics and history), ***appeal***

*denied*, 980 A.2d 607 (Pa. 2009).   We conclude that the trial court placed adequate reasons on the record to support its deviation from the guidelines. Accordingly, we discern no abuse of discretion by the court in the sentence imposed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/2/2014