J. A14012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                  v.                    :
                                             :
SHERRY LYNN HARVEY,               :           No. 1778 MDA 2013
                                             :
              Appellant        :

Appeal from the Judgment of Sentence, August 14, 2013,
in the Court of Common Pleas of Wyoming County
Criminal Division at No. CP-66-CR-0000229-2013

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED DECEMBER 17, 2014**

        This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Wyoming County. On July 12, 2013, appellant, Sherry Lynn Harvey, entered a guilty plea to one count of introducing contraband into a correctional facility and one count of simple assault. Appellant was sentenced on August 14, 2013, to an aggregate term of imprisonment of 50 months to 132 months. Appellant challenges the discretionary aspects of her sentence. Upon review, we affirm.

        The trial court summarized the details of this case as follows:

> On July 5, 2013 a Criminal Information was filed in the Court of Common Pleas of Wyoming County setting forth that between January 21, 2013 and May 2, 2013 in Tunkhannock Township, Defendant Sherry Lynn Harvey (hereinafter "Defendant") did sell, give, transmit or furnish to a convict in a prison owned or leased by the Commonwealth or a county a

---

* Retired Senior Judge assigned to the Superior Court.

controlled substance without a written permit signed by the physician of such institution. More specifically, Defendant unlawfully furnished suboxone, a Schedule III controlled substance, to Wyoming County Correctional Facility inmate, Shawn Miller and Eric Simonson, by opening the stitching on the tongue of a sneaker and inserting the suboxone inside and sealing it shut with super glue. As a result, Defendant was charged with Contraband, 18 Pa.C.S.A. §5123(a) and Possession of a Controlled Substance, 35 Pa.C.S.A. § 13(a)16[sic]. That same day, July 5, 2013, a separate Criminal Information was filed in Wyoming County charging Defendant with Simple Assault, 18 Pa.C.S.[A.] §2701(a)(1), Disorderly Conduct, 18 Pa.C.S.A. §5503(a)(1) and Harassment, 18 Pa.C.S.A. §2709(a)(1). On or about May 31, 2013, while an inmate at the Wyoming County Correctional Facility on the Contraband charge, Defendant engaged in fighting by striking another inmate with a closed fist, requiring the victim to seek medical attention from the local hospital. Defendant's actions caused much disorder for the Wyoming County Facility and jeopardized the safety of the staff and inmates. Immediately following the assault, Defendant was relocated to the Susquehanna County Correctional Facility.

On July 12, 2013 Defendant pleaded guilty to one count of Introducing Contraband into a Correctional Facility and one count of Simple Assault. On August 14, 2013 Defendant appeared before this Court for sentencing with a prior record score of two (2). Pursuant to 18 Pa.C.S.A. §5123, Defendant was subject to a twenty four (24) month mandatory minimum sentence in docket 2013-CR-229.

After comments from counsel for the Commonwealth and the Defendant, in 2013-CR-229, Defendant was sentenced to forty eight (48) months to one hundred twenty (120) months on the charge of Contraband, 18 Pa.C.S.A. §5123(a), a felony of the second degree. Defendant was further sentenced in docket number 13-CR-259 to two (2) to

twelve (12) months on the charge of Simple Assault, 18 Pa.C.S.A. § 2701(a)(1), a misdemeanor of the third degree, to run consecutive to the previous sentence. Defendant is not eligible for an RRRI minimum sentence due to the mandatory minimum sentence. The aggregate sentence imposed on Defendant was fifty (50) months to one hundred and thirty two (132) months.

Trial court opinion, 10/28/13 at 1-3.

A motion to modify sentence was filed on August 23, 2013. By order filed on September 16, 2013, the motion was denied. Appellant filed a timely appeal on October 1, 2013. Appellant was ordered to file a concise statement of errors raised on appeal ,and she timely complied.

Appellant raises one issue for our consideration:

1. THIS HONORABLE COURT ERRED IN SENTENCING THE APPELLANT FOR A SINGLE COUNT OF INTRODUCING CONTRABAND TO A SECURE FACILITY, TO A SENTENCE OF 48 TO 120 MONTHS IN A STATE CORRECTIONAL INSTITUTION WHEN SUCH A SENTENCE WAS IN VIOLATION OF THE FUNDAMENTAL NORMS OF THE SENTENCING PROCESS AND WAS NOT SUPPORTED BY REASONS STATED ON THE RECORD THAT WERE SUFFICIENT AS A MATTER OF LAW TO SUPPORT THE IMPOSITION OF SUCH A SENTENCE.

Appellant's brief at 4.

Appellant's claim challenges the discretionary aspects of her sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citations omitted).

Instantly, appellant filed a post-sentence motion for reconsideration and then filed a timely notice of appeal. In addition, appellant has complied with the briefing requirements of **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f) by including a concise statement of her reasons for challenging the discretionary aspects of her sentence. Last, appellant presents a substantial question for our review. We have held that "when a sentence exceeds the aggravated range of the guidelines and there is an allegation of excessiveness, this Court must review the record to determine whether there was an abuse of discretion." **Commonwealth v.**

*Monahan*, 860 A.2d 180, 182 (Pa.Super. 2004), *appeal denied*, 878 A.2d 863 (Pa. 2005).

Appellant argues her sentence was in violation of the fundamental norms of the sentencing process because the trial court did not follow the statutory mandate of Section 9721(b) as it did not consider the gravity of the offense, or the rehabilitative needs of appellant. According to appellant, the result is a sentence that is clearly excessive in that it ranges far beyond that which is necessary to address the Section 9721(b) factors. Additionally, appellant contends the trial court failed to set forth logical and legally sound reasons for the deviation from the guidelines.

Our standard of review for sentencing claims is as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa.Super. 2012) (quotation omitted).

> In exercising its discretion, the trial court must consider the character of the defendant and the

> particular circumstances of the offense in light of the legislative Guidelines for sentencing, and the court must impose a sentence that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant.

*Commonwealth v. Guth*, 735 A.2d 709, 711 (Pa.Super. 1999), *appeal denied*, 743 A.2d 915 (Pa. 1999), quoting *Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa.Super. 1998), *appeal denied*, 747 A.2d 364 (Pa. 1999); *see* 42 Pa.C.S.A. § 9721(b).

Our review is guided by 42 Pa.C.S.A. § 9781(c) and (d) which provide:

**§ 9781. Appellate review of sentence**

**(c)** **Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

Section 9781(d) provides that when we review the record, we must have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c), (d).

Our supreme court in **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007), observed that under this statute, we must review a sentence that is outside of the guidelines in terms of whether it is unreasonable. It stated that the term "unreasonable," while not defined, generally means a decision that is either irrational or not guided by sound judgment. It continued that the context of the term's use in Section 9781 also indicates that the legislature "intended the concept of unreasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Id.** at 963. Our supreme court indicated that a sentence can be found to be unreasonable after review of the four elements contained in Section 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S.A. § 9721(b). However, the court concluded

that when the proper standard of review is utilized, "rejection of a sentencing court's imposition of sentence on unreasonable grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges." *Id.* at 964.

Here, appellant pled guilty to a single count of introducing contraband to a secure facility, a second-degree felony, with a mandatory two-year minimum sentence. The trial court imposed a sentence of 48 to 120 months that fell beyond the aggravated range of the guidelines, but below the statutory maximum.[1] The trial court offered the following seven reasons for its departure:

> [O]ne, the serious nature of this offense.
>
> Two, the sentence includes a mandatory minimum.
>
> Three, the defendant engaged her younger sister and through deception and without her sister's knowledge, involved her in the commission of this crime.
>
> Four, the actions of the defendant directly affected the sobriety and treatment plans of the inmates in the Wyoming County Correctional Facility.
>
> Five, the actions of the defendant placed the corrections officers at the Wyoming County Correctional Facility at risk by having illegal substances and items brought into the Wyoming County Correctional Facility.
>
> Six, the actions of the defendant affected the integrity of the Wyoming County Correctional Facility Drug and Alcohol Treatment Programs administered

---

[1] The statutory maximum for this crime is 60 to 120 months.

by A Better Today as funded by the taxpayers of Wyoming County.

Seven, the crime was not of one time, but an event that occurred five to seven times based upon the admissions of the defendant showing a continued course of conduct and intent.

Notes of testimony, 8/14/13 at 7-8.

Appellant argues that the trial court's first and second reasons regarding the serious nature of the offense and mandatory minimum are both taken into account by the Pennsylvania Sentencing Guidelines and are already calculated into the guidelines. Appellant also takes issue with the trial court's fourth, fifth, and sixth reasons for its sentence which concern the consequences of bringing drugs into a prison.

Appellant also contends the facts of this case do not support the trial court's conclusions. The trial court voiced its concern that other inmates and correctional officers were put at risk by appellant's actions. Appellant claims there was no evidence that any individual at the prison other than the intended target of the drugs, Shawn Miller, who was appellant's paramour, and his cellmate, Eric Simonson, received any of the drugs. The record shows that the contraband introduced into the correctional facility consisted of two eight-milligram suboxone strips hidden in the tongue of a sneaker that was intended for Miller. Miller's cellmate, Simonson, tested positive for the drug; Miller refused to take a drug test. Appellant points out there was no evidence of record that the amounts delivered were of such quantity to

give rise to an inference of further distribution beyond the intended recipient.

In light of our standard of review, we cannot conclude that the trial court abused its broad discretion in sentencing. While appellant may have pled guilty to one count of introducing contraband into a correctional facility, the record indicates a continuing course of conduct. In its opinion, the trial court opined, "Defendant's actions, which based on her own admission occurred at least five (5) to seven (7) times, placed numerous individuals and programs in jeopardy." (Trial court opinion, 10/28/13 at 5). According to the affidavit of probable cause, "[Appellant] admitted to doing this 5 to 7 times with various amounts of strips secreted inside." (Certified record, document #1). The criminal information filed by the district attorney states "that between January 21, 2013 and May 2, 2013, in Tunkhannock Township, [appellant] did sell, give, transmit or furnish to any convict in a prison . . . ." (Certified record, document #5).

Additionally, the trial court noted appellant used her sister to deliver to the prison the sneakers containing contraband. Appellant's sister was interviewed and stated she had no knowledge that appellant had placed illegal contraband in the sneakers or that she was facilitating a crime. (**See** trial court opinion, 10/28/13 at 5.)

Despite appellant's arguments for a two-year sentence, the sentencing court supported its sentence by noting appellant has a long criminal record;

she involved her sister in facilitating a crime on more than one occasion; she delivered drugs to two inmates; and she endangered prison staff and other inmates with those drugs as she cannot say for certain that the drugs never left her paramour or his cellmate. Despite several attempts at in-patient and out-patient treatment, appellant suffers from severe addiction and mental health issues. Thus, the sentencing court took into account the factors outlined by 42 Pa.C.S.A. § 9721(b)("the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant). The court had and considered appellant's presentence report. We cannot conclude appellant's sentence of 50 to 132 months was unreasonable. We, therefore, affirm.

Judgment of sentence affirmed.

Olson, J. joins the Memorandum.

Strassburger, J. files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014

- 11 -