J-S79002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAMS TUNNER, AKA TUNNER WILLIAMS, | |
| Appellant | No. 2392 EDA 2012 |

Appeal from the Judgment of Sentence entered August 2, 2012,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0002730-2010

BEFORE: ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED DECEMBER 17, 2014**

Williams Tunner, aka Tunner Williams[1] ("Appellant"), appeals from the judgment of sentence imposed after a jury convicted him of criminal conspiracy.[2] After careful review, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the pertinent facts and procedural history as follows:

> On May 9, 2008, the Narcotics Field Unit of the Philadelphia Police Department set up surveillance in the area of 55th Street and Warrington Avenue in the City and County of

_____

[1] Appellant is also referenced in the record as William Turner.

[2] 18 Pa.C.S.A. § 903.

* Retired Senior Judge assigned to Superior Court.

Philadelphia. A confidential informant had relayed information that drugs were being sold out of a residence located at 5501 Warrington Avenue. Upon arrival at that site, Sergeant Robinson searched the confidential informant for any drugs or money. At approximately 7:30 p.m., Sergeant Robinson set up surveillance on 55th Street and observed the confidential informant approach 5501 Warrington Ave. The Confidential Informant knocked on the door and was allowed inside the residence. Less than a minute later, an unknown black male exited the home and walked south on 55th Street, past Sergeant Robinson's location. Officer Simmons then picked up surveillance of the black male from his location further down 55th Street. Officer Simmons saw the unidentified black male enter the rear passenger side of a white Buick containing three other men. After approximately 1 to 2 minutes, the black male exited the vehicle. The unidentified black male then returned to 5501 Warrington Ave. Approximately 15 seconds later, the confidential informant exited the residence and rendezvoused with Sergeant Robinson at a predetermined location. The confidential informant was found to be in possession of three red ziplock packets of what was later identified as crack cocaine. The informant also did not have the forty dollars of prerecorded buy money with him.

After the unidentified black male exited the Buick, the car began driving away and was stopped on Belmar Avenue by Officer Simmons, Officer London and two uniformed Philadelphia Police Officers. The occupants were ordered to exit the vehicle. Officer London secured the driver, later identified as Dean Bloodworth. Mr. Bloodworth was found to be in possession of $80 USC, forty of which was the prerecorded buy money. As the Appellant exited the passenger side of the vehicle, Officer Simmons observed an amber pill bottle fall into the street. The pill bottle contained 13 red ziplock packets matching those packets found on the confidential informant, containing what was later identified as crack cocaine. Officer Simmons immediately recognized the bottle's contents as narcotics when he saw it. Appellant and Mr. Bloodworth were arrested and brought to the Philadelphia Police station. Both the drugs found on the confidential informant and the drugs found in the pill bottle tested positive for cocaine base.

Trial Court Opinion, 12/19/13, at 2-3 (citations to record omitted).

Appellant was charged with criminal conspiracy to possess controlled substances with intent to deliver (18 Pa.C.S.A. § 903; 35 P.S. § 780-113(a)(30)); possession with intent to deliver (35 P.S. § 780-113(a)(30)); and simple possession of a controlled substance (35 P.S. § 780-113(a)(16)). A jury trial commenced on March 13, 2012, and on March 14, 2012, the jury found Appellant guilty of criminal conspiracy, and not guilty of the remaining charges.

Following a hearing on August 2, 2012, the trial court sentenced Appellant to 4½ to 9 years of imprisonment. Appellant filed a post-sentence motion on August 10, 2012, and a notice of appeal on August 29, 2012. On December 21, 2012, the trial court entered an order denying Appellant's post-sentence motion. Appellant raises the following issues for our review:

1. Whether the evidence was sufficient to sustain a verdict of guilty.

2. Whether the verdict was against the weight of the evidence.

3. Whether the trial court erred when it answered "yes" to the question of whether or not the jury could return a verdict of guilt on the charge of conspiracy only?

4. Whether the sentence imposed is illegal, improper, or excessively punitive where [Appellant] could be sentenced to a term of imprisonment of a greater degree than that of which he was convicted and where the sentence (4½ to 9 years) was six months shy of the statutory maximum and was beyond the aggravated range recommended in the sentencing guidelines. The Court failed to consider the guidelines in fashioning an appropriate sentence.

5.     Whether the trial court erred in permitting Sgt. Davis to testify as to the [Appellant's] character and/or a victim impact statement regarding his encounters with [Appellant] and his family.

Appellant's Brief at 3.

In his first issue, Appellant argues that the evidence was insufficient to support his conspiracy conviction. Appellant's Brief at 9-12. When reviewing a challenge to the sufficiency of the evidence, we are bound by the following:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012).

Appellant maintains that his mere presence in a vehicle was an insufficient basis for the trial court to conclude that he was engaged in a conspiracy. Appellants Brief at 10-12. In order to sustain a criminal conspiracy conviction, the Commonwealth must prove: "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator

- 4 -

and (3) an overt act in furtherance of the conspiracy." ***Commonwealth v. Thomas***, 65 A.3d 939, 943 (Pa. Super. 2013) (citations omitted).

Appellant is correct that "[t]o establish complicity, mere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient." ***Commonwealth v. Knox***, 50 A.3d 749, 756 (Pa. Super. 2012) (citation omitted). However:

> a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

***Knox***, 50 A.3d at 755 *quoting* ***Commonwealth v. McCall,*** 911 A.2d 992, 996–97 (Pa. Super. 2006) (citation omitted). ***See also Thomas***, 65 A.3d at 943 ("Because it is difficult to prove an explicit or formal agreement to commit an unlawful act, such an act may be proved inferentially by circumstantial evidence, *i.e.*, the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators.") (citations omitted).

Here, the record indicates that evidence was sufficient to support the conspiracy conviction. As the trial court explained:

> Appellant was in a vehicle that was entered by an unknown male who had come from a home where a confidential informant said drugs were being sold. That unknown male then returned to the home and provided the informant with several red baggies of crack cocaine. As soon as Appellant was removed from his

vehicle, a pill bottle containing several red baggies of crack cocaine fell from where he had been seated. Those baggies matched the ones that were recovered from a confidential informant. The other occupant of that vehicle was found to be in possession of $40 in pre-recorded buy money that had been provided to the confidential informant. The jury determined that the evidence showed that Appellant and the vehicle's other occupant had entered into an agreement with a shared criminal intent and committed an overt act in furtherance of their conspiracy.

Trial Court Opinion, 12/19/13, at 7.

Upon review, we agree with the trial court. The jury acted within its province as factfinder in concluding from the evidence that Appellant was involved in the transaction with the unknown male who exited the residence at 5501 Warrington, and received drugs from Appellant and/or Mr. Bloodworth in exchange for the $40 of pre-recorded buy money provided to him by the confidential informant, before returning to the residence to deliver the drugs, particularly since the drugs were retrieved from Appellant's side of the car. Accordingly, Appellant's sufficiency issue is without merit.

Appellant next argues that the verdict was against the weight of the evidence. Our scrutiny of whether a verdict is against the weight of the evidence is governed by the principles set forth in ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted):

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

- 6 -

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

In his weight claim, Appellant argues that the evidence was contradictory and unreliable. "A new trial is warranted on a challenge to the weight of the evidence only if the verdict is so contrary to the evidence as to shock one's sense of justice. Furthermore, issues of credibility are left to the trier of fact; the jury is free to accept all, part, or none of the witness testimony." *Commonwealth v. Russell*, 665 A.2d 1239, 1246-1247 (Pa. Super. 1995) (citations omitted). Here, the jury found credible the testimony of Officers Robinson and Simmons. Specifically, the jury found credible the officers' testimony about their recovery of cocaine that fell from Appellant's side of the vehicle, and $40 of pre-recorded buy money from Mr. Bloodworth. Furthermore, although Appellant baldly asserts that the testimony of Commonwealth's witnesses was unreliable and contradictory, Appellant fails to cite the purported inconsistent and contradictory testimony. Credibility determinations are for the jury to resolve and we will not disturb such credibility determinations on appeal. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 541 (Pa. Super. 1995) (it is solely for the finder of fact to determine the credibility of witnesses and to resolve any

conflicts or inconsistencies in the evidence). Appellant's weight of the evidence claim fails.

In his third issue, Appellant argues that the trial court erred in informing the jury that it could return a verdict of guilty on the charge of conspiracy only. Appellant refers to a written jury question submitted by the jury to the trial court during deliberations on March 15, 2012. The jury's question was:

> Is it legally possible to convict of conspiracy without convicting of possession or intent to distribute?

Jury Question, 3/15/12.

> In response to the jury's question, the trial court stated on the record:

> The simple answer to that is yes. Each charge stands by itself. So PWID is one crime. The criminal conspiracy is a completely separate and distinct crime, as is the KI.

N.T., 3/15/12, at 57.

Appellant challenges the trial court's decision to inform the jury that they could convict him solely of conspiracy. In **Commonwealth v. Riley**, 811 A.2d 610, 618 (Pa. Super. 2002) we explained, "as conspiracy requires proof only of an agreement and an overt act in furtherance of the conspiracy, a defendant may be found guilty of conspiracy without being convicted of the underlying offense." In other words, "commission of the underlying crime is not an element of criminal conspiracy. 'Conspiracy to commit a crime and the underlying crime itself are two entirely separate

offenses with separate elements required for each.'" ***Commonwealth v. Thoeun Tha***, 64 A.3d 704, 711 (Pa. Super. 2013) *quoting* ***Commonwealth v. Johnson***, 719 A.2d 778, 791 (Pa. Super. 1998). Appellant's claim that the trial court erred in informing the jury that they could convict him of conspiracy while finding him not guilty of the remaining charges is therefore meritless. ***See Commonwealth v. Smith***, 606 A.2d 939 (Pa. Super. 1992) (finding that apparent inconsistency where the jury found the appellant guilty of the conspiracy charge while finding him not guilty of delivery and possession was not grounds for relief).

In his fourth issue, Appellant argues that the trial court imposed an illegal sentence and/or abused its sentencing discretion. Appellant's Brief at 17-23. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court "imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." ***Commonwealth v. Infante***, 63 A.3d 358 (Pa. Super. 2013). Appellant's brief is devoid of any support or argument for his assertion that the sentence was illegal other than an assertion that "the jury did not have on the verdict sheet what substantive offense the conspiracy was to commit." Appellant's Brief at 21. Appellant fails to develop this argument about legality with any cogent discussion. Moreover, Appellant

acknowledges that the sentence did not exceed the statutory maximum of 60 months. *See* Appellant's Brief at 18. Given the lack of any development of Appellant's challenge to the legality of his sentence, we decline to address it.

However, Appellant also argues that the trial court abused its discretion when it sentenced him to 4½ to 9 years of imprisonment. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a

concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 17-18. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court abused its discretion when it imposed a sentence for conspiracy well beyond the aggravated range of the sentencing guidelines, and in so doing, failed to give proper consideration to mitigating factors, and failed to state on the record the reasons for the sentence. Appellant's Brief at 9, 17-23. Accordingly, Appellant asserts that his sentence was excessive. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a "substantial question" for our review." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). *See also Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (a substantial question is raised where an appellant alleges that the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances). Appellant has thus presented a substantial question and we proceed to review his claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a

manifest abuse of discretion." ***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:
>
>> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> ***
>
> The ... weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-876 (Pa. Super. 2012) (citations omitted).

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). ***Bricker***, 41 A.3d at 876

"[T]he term 'unreasonable' generally means a decision that is either irrational or not guided by sound judgment. [A] sentence can be defined as

unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S.A. § 9721(b)." **Commonwealth v. Daniel**, 30 A.3d 494, 497 (Pa. Super. 2011), *quoting* **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007). However, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." **Commonwealth v. Macias, 968 A.2d 773, 777 (Pa. Super. 2009)** *quoting* **Walls**, 926 A.2d at 964.

Pursuant to 42 Pa.C.S.A. § 9871, an appellate court must have regard for the following statutory factors in our review of the certified record: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation, (3) the findings upon which the sentence was based, and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9871(d)(1)-(4).

"In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. 42 Pa.C.S.A. § 9721(b). However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence ... in open

- 13 -

court." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014).

> [Section 9721(b)] requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled [him] to deviate from the guideline range.
>
> ***
>
> The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered the guidelines.

***Commonwealth v. Johnson***, 666 A.2d 690, 693 (Pa. Super. 1995) (citations omitted).

Here, the guidelines recommended a standard range of sentence of 15 to 21 months, +/- 6 months in the mitigated and aggravated ranges. N.T., 8/2/12, at 11. Appellant's sentence of 4½ to 9 years fell outside the aggravated range of the guidelines.

At the sentencing hearing, the trial court provided the following reasons on the record for its sentence:

> I have reviewed everything and I didn't have an opportunity to review the [Preliminary Arraignment Reporting System] PARS. I am not claiming I am not going to. I have

reviewed everything and the PSI and the prior record score in great detail. I paid particular attention to the presentence investigation.

I told you to take it seriously and you told the officer that this is what hanging around with the wrong crowd gets you. That is not what it gets, it gets you shot. And dealing in drugs and that is a conspiracy and you openly fought me on that.

I don't really think you are remorseful for what you have done. And I told you if things don't go your way, it is a minimum of 2 to 4. Under the circumstances considering everything and you keep rolling the dice, you did come up snake eyes this time. It is your right.

Based on the totality of everything, it is 4 and a half to 9 years.

N.T., 8/2/12, at 39.

At sentencing, the trial court made clear that it had "reviewed the PSI and the prior record score in great detail." *Id*. However, although cognizant of Appellant's prior record, the trial court did not set forth the relevant guideline ranges, or indicate that it was aware of and considered the sentencing guidelines before electing to depart from them.

Moreover, the trial court's brief explanation for its sentence failed to state the "factual basis and specific reasons" which compelled the drastic upward departure from the guideline range. ***Johnson, supra.*** Although the trial court noted that it had "reviewed the PSI" and felt that Appellant was not remorseful, the trial court failed to state what factors revealed in the PSI report it was relying on to warrant the upward deviation, or how Appellant's lack of remorse was so atypical as to warrant imposition of a sentence so far in excess of the guideline range. Additionally, the record does not reflect

- 15 -

that the trial court took into account the relevant sentencing factors enumerated in § 9721(b) -- including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs -- before sentencing him outside of the guidelines.

"[A]lthough sentencing judges have broad discretion, they do not have unfettered or unchecked discretion.  Therefore, when a sentence exceeds the aggravated range of the guidelines and there is an allegation of excessiveness, this Court must review the record to determine whether there was an abuse of discretion." *Commonwealth v. Monahan*, 860 A.2d 180, 182 (Pa. Super. 2004) (citations omitted).  Upon review, we agree with Appellant that the reasons for the trial court's upward deviation were not clearly stated on the record as required under section 9721(b) of the Sentencing Code.  Therefore, we are constrained to vacate the judgment of sentence and remand for re-sentencing.

In his final issue, Appellant argues that the trial court erred in allowing Sergeant Davis of the Philadelphia Police Department to testify at the sentencing hearing about his personal knowledge of Appellant's character, Appellant's reputation for intimidation in the community, and his previous encounters with Appellant, who displayed threatening behavior.  Appellant's Brief at 24-25.  Specifically, Appellant argues that Sergeant Davis's testimony constituted inadmissible hearsay and was based on the officer's unsubstantiated recollections of his previous encounters.  *Id*.

"Sentencing courts may consider evidence that might not be admitted at trial." *Commonwealth v. Charles*, 488 A.2d 1126, 1129 (Pa. Super. 1985). "Significantly, the admission of hearsay in sentencing proceedings, especially those which do not involve a capital crime, is a common occurrence. In fact, sentencing courts, as a matter of course, consider hearsay in nearly every sentencing case since pre-sentence investigations are routinely ordered and considered by the court, and a pre-sentence report is the very definition of hearsay ..." *Commonwealth v. Medley*, 725 A.2d 1225, 1230 (Pa. Super. 1999). A sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. Nevertheless, the discretion of a sentencing judge is not unfettered; a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is inimicable to the concept of due process." *Commonwealth v. Schwartz*, 418 A.2d 637, 640-641 (Pa. Super. 1980).

Here, we find no abuse of discretion in the trial court's decision to permit Sergeant Davis's testimony. Sergeant Davis testified to information within his personal knowledge, and Appellant was permitted to cross-examine the sergeant as to the basis for his opinions to reveal any weaknesses and inconsistency in his testimony. To the extent that Appellant argues that the trial court improperly relied on Sergeant Davis' testimony in

its imposition of sentence, we reiterate that the trial court failed to provide adequate reasons on the record for its sentence, and therefore we cannot evaluate whether the trial court relied solely on the sergeant's testimony in imposing an above-guideline range sentence, to the exclusion of other sentencing factors, or otherwise improperly considered the testimony in its imposition of sentence. However, in light of our decision to remand for re-sentencing, we need not address such claim.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2014