J-S69009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE BENESARIO | |
| Appellant | No. 392 EDA 2015 |

Appeal from the Judgment of Sentence September 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006517-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED DECEMBER 23, 2015**

Appellant, Jose Benesario, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following an open guilty plea to third degree murder, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that Appellant timely filed a notice of appeal on February 4, 2015.  The following day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 6108, and 907(a), respectively.

1925(b), and Appellant timely complied after an extension of time.

Appellant raises the following issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION BY IMPOSING AN EXCESSIVE SENTENCE THAT DID NOT TAKE INTO CONSIDERATION [APPELLANT'S] REHABILITATIVE NEEDS, THE SENTENCING GUIDELINES, THE FACTORS SET FORTH IN 42 PA.C.S. § 9721, THE MITIGATING FACTORS OFFERED AT SENTENC[ING], [APPELLANT'S] LACK OF CRIMINAL HISTORY AND THE NATURE OF THE OFFENSE?

(Appellant's Brief at 7).

Appellant argues his aggregate sentence of 23½ to 47 years' imprisonment is excessive. Specifically, Appellant claims the court failed to consider mitigating factors, including Appellant's rehabilitative needs, the protection of the public, the nature and gravity of the offense, Appellant's lack of criminal history, and the testimony from Appellant's character witnesses at sentencing. Appellant alleges the court relied principally on the victim impact statements when sentencing him to 20 to 40 years' imprisonment for third degree murder, a standard range sentence, and a consecutive 3½ to 7 years' imprisonment for firearms not to be carried without a license, an aggravated range sentence. Appellant maintains this Court should vacate his judgment of sentence and remand for resentencing. Appellant challenges the discretionary aspects of sentencing.[2]   ***See***

---

[2] "[W]hile a…plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue
*(Footnote Continued Next Page)*

*Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

This Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. *Commonwealth v. Heilman*, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Id.* Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*(Footnote Continued)* _____

that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so a challenge to the discretionary aspects of his sentence is available.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question

- 4 -

that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545 (internal quotation marks omitted). Nevertheless, a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. ***Commonwealth v. Felmlee***, 828 A.2d 1105 (Pa.Super. 2003) (*en banc*).

Instantly, during the sentencing hearing, the court stated its reasoning for Appellant's sentence as follows:

> I'm going to take into account everything presented to me during the history of this case.
>
> I'll take into account the evidence presented at the guilty plea hearing, everything in the presentence report which I have carefully considered.
>
> I'll take into account the presentations here at the sentencing hearing, all the mitigating evidence that was submitted on behalf of [Appellant], statements from family members on both sides….
>
> I'll take into account the impact on…the victim's family.
>
> Let me go through the statutory requirements, the things I need to consider statutorily. First of all, a need for the protection of the public. And I do have concerns about the protection of the public.
>
> I do believe…[Appellant] has done a great many wonderful things for his family. On the other hand, the offense that was committed in this case is not consistent with someone that has a peaceful disposition and an outlook like a normal member of society would have. It's an extreme and egregious misbehavior to gun somebody down in the fashion that happened in this case. Notwithstanding the good things in his background which I acknowledge and accept, I certainly have hope that he will be a productive

member of society [someday], I have concerns.

In addition, the next element is the gravity of the offense in relation to its impact on the victim. We all know there is no greater impact on a victim than a murder case. The victim is gone and, as [the Assistant District Attorney] so eloquently pointed out, [the victim] will not be here another day on this earth and no matter what sentence I give [Appellant], he will be able to enjoy many more years of life whether or not he's in prison.

I'll take into account his rehabilitative needs, which the statute requires me to do.

In terms of the mitigating factors, there are several, the fact that he's raising five children, he's a good family man. I think that's clear. He was a good neighbor.

I'm not going to make a decision since there's inadequate information on what motivated this killing, I don't think it's necessary for me to make that decision. Whether it was because of a threat to his brother or because the victim, Mr. Santiago, was selling drugs on the corner, either way as counsel acknowledged…you cannot walk up to somebody and execute them firing off at least 14 rounds. That's not permitted in a civilized society.

I will take into account the remorse and acceptance of responsibility. That's a significant mitigating factor.

On the aggravating side, the prior record of zero of course everyone would acknowledge grossly understates [Appellant's] degree of criminality as a career drug dealer, and many of the things [the Assistant District Attorney] said are of course true. While [Appellant] may have been extraordinarily generous with the proceeds of his drug operation and he was not a street level dealer, and that is a significant aggravator.

Also, of course, this is not a garden variety third-degree murder firing off 14 rounds at a defenseless person, killing him.

When I consider everything, I'm not going to give

[Appellant] the maximum sentence. I don't think that's appropriate. The big break here was given to him of course by the Commonwealth when they agreed to third-degree murder and the other charges, but I do believe that the standard range sentence at the top of the guideline range is appropriate for third-degree murder and I'm also going to give him a consecutive sentence on one of the firearms charges, but in recognition of the mitigation here I will not impose a sentence on the remaining firearms charges.

\* \* \*

Moving on to the firearms charges, on the charge for violation of the Uniform Firearms Act, Section 6106, which is a third-degree felony, I will sentence him to three and a half to seven years in state prison. That's a departure above the guidelines. That's to achieve an aggregate sentence that's appropriate under all the circumstances and to reflect the egregiousness of the behavior committed with the firearm.

(N.T. Sentencing, 9/19/14, at 54-59).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's issue merits no relief. The court's opinion comprehensively discusses and properly disposes of Appellant's question presented. (**See** Trial Court Opinion, filed May 21, 2015, at 3-4) (finding: court explicitly considered all evidence Appellant alleges court did not consider, including evidence during guilty plea hearing, information

contained in pre-sentence investigative report,[3] sentencing guidelines, need to protect public, gravity of offense and its impact on victim, mitigation evidence, testimony submitted on Appellant's behalf, Appellant's rehabilitative needs, and Appellant's remorse and acceptance of responsibility; record demonstrates sentences were reasonable and commensurate with Appellant's outrageous criminal conduct of firing gun at victim 14 times, striking him 11 times, including multiple times after victim had fallen to ground and was either defenseless or dead; Appellant's prior record score of zero underestimated his degree of criminality, as he was a career drug dealer who managed sale of drugs in area where crime was committed; aggregate sentence of 23½ to 47 years' imprisonment reflected balancing of all relevant sentencing factors, including Appellant's mitigating evidence). The record supports the court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the court's opinion.

Judgment of sentence affirmed.

_____

[3] Where a sentencing court had the benefit of a pre-sentence investigative report, the law presumes the court was aware of and weighed the relevant information regarding the defendant's character and mitigating factors. *See Tirado, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0006517-2013 |

CP-51-CR-0006517-2013 Comm. v. BENESARIO, JOSE
Opinion

**FILED**

v.

JOSE BENESARIO



7297882791

MAY 2 1 2015

**Post Trial Unit**

OPINION

BRONSON, J.                                                     May 21, 2015

On July 21, 2014, defendant Jose Benesario entered an open guilty plea to the charges of third-degree murder (18 Pa.C.S. § 2502), carrying a firearm without a license (18 Pa.C.S. § 6106), carrying a firearm on the streets of Philadelphia (18 Pa.C.S. § 6108), and possessing an instrument of crime (18 Pa.C.S. § 907). On September 19, 2014, the Court imposed an aggregate sentence of twenty-three and a half (23½) to forty-seven (47) years incarceration in state prison. Defendant filed post-sentence motions, which the Court denied on January 6, 2015.

Defendant has now appealed from the judgment of sentence entered by the Court on the grounds that the Court abused its discretion by "imposing an excessive sentence ...." Statement of Errors Complained of on Appeal ("Statement of Errors") at ¶ 1. For the reasons set forth below, defendant's claim is without merit and the judgment of sentence should be affirmed.

## I. FACTUAL BACKGROUND

The factual basis proffered by the Commonwealth for defendant's guilty plea established the following.[1] N.T. 7/21/14 at 20-30.

---

[1] Defendant disputed the motive for the shooting as described by the Commonwealth. N.T. 7/21/14 at 29. Otherwise, he agreed in substance to the Commonwealth's rendition of the facts. *Id.*

On March 25, 2013, at approximately 2:00 p.m., defendant approached Bezuir Santiago at the area of 3045 North 4th Street in Philadelphia. N.T. 7/21/14 at 21, 24. Defendant controlled the drug trade in that area and had an ongoing dispute with Santiago during which Santiago was not permitted to sell drugs there. N.T. 7/21/14 at 23-25. As defendant approached Santiago, defendant pulled out a semi-automatic firearm and shot Santiago multiple times. N.T. 7/21/14 at 24-26. After defendant began shooting, Santiago fell to the ground and defendant continued to shoot. N.T. 24-26. Defendant fired fourteen shots and struck Santiago approximately eleven times. N.T. 7/21/14 at 21, 23. After shooting Santiago, defendant fled the scene in a car. N.T. 7/21/14 at 24, 26.

## II. DISCUSSION

Defendant's sole issue raised on appeal claims that the Court abused its discretion by "imposing an excessive sentence that did not take into consideration [defendant's] rehabilitative needs, the sentencing guidelines, the factors set forth in 42 Pa.C.S. § 9721, the mitigating factors offered at sentence, [defendant's] lack of criminal history and the nature of the offense." Statement of Errors at ¶ 1. This claim is without merit.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson*, 552 A.2d 1064, 1072 (Pa. Super. 1988), *appeal denied*, 571 A.2d 379 (Pa. 1989); *see Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). The sentencing court must consider the need to protect the public, the gravity of the offense in relation to the impact upon the victim, the rehabilitative needs of the defendant, and the Sentencing Guidelines. 42 Pa.C.S. § 9721 (b); *see Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting *Commonwealth v. Monahan*, 860 A.2d 180, 184 (Pa. Super. 2004)). A sentence within

2

the Guidelines may be vacated only if "the case involves circumstances where the application of the Sentencing Guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Where the sentence falls outside the Sentencing Guidelines, the sentence should be affirmed on appeal unless it is "unreasonable." 42 Pa.C.S. § 9781(c)(3); *see Commonwealth v. P.L.S.*, 894 A.2d 120, 130 (Pa. Super. 2006). "The sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002), *appeal denied*, 820 A.2d 703 (Pa. 2003). The factual basis and reasons for the departure must be stated on the record. *Id.*

Here, in fashioning an appropriate sentence, the Court explicitly considered the evidence presented during defendant's guilty plea hearing, the information contained in the pre-sentence report, the Sentencing Guidelines, the need to protect the public, the gravity of the offense and its impact on the victim, the mitigation evidence and testimony submitted on behalf of defendant, the rehabilitative needs of defendant, as well as defendant's remorse and acceptance of responsibility. N.T. 9/19/14 at 54-58.[2] Contrary to defendant's assertion in his Statement of Errors, the Court explicitly stated that it considered all of the factors that defendant alleges that the Court did not consider. *Id.* The Court sentenced defendant to 20 to 40 years incarceration for the third degree murder charge and 3 ½ to 7 years incarceration on the carrying a firearm without a license charge. N.T. 9/19/14 at 59. These sentences were to run consecutive to each

---

[2] Applying the Seventh Edition Sentencing Guidelines, the parties agreed that defendant's prior record score was zero. N.T. 9/19/14 at 5. The parties agreed that, using the deadly weapon used matrix, the charge of third-degree murder was assigned a standard range of 90 months to the statutory limit. Using the basic sentencing matrix, the parties agreed that the charge of carrying a firearm without a license was assigned a standard sentence of 12 to 24 months, plus or minus 12 months for the aggravated and mitigated ranges, respectively, that the charge of carrying a firearm on the streets of Philadelphia was assigned a standard range of RS to 9 months, plus or minus 3 months for the aggravated and mitigated ranges, respectively, and that the PIC charge was assigned a standard range of RS to 1 month, plus or minus three months for the aggravated and mitigated ranges, respectively. N.T. 9/19/14 at 5-6.

other, for an aggregate sentence of 23 ½ to 47 years incarceration. N.T. 9/19/14 at 59. While the sentence on the third degree murder charge was within the standard range of the Sentencing Guidelines, the sentence imposed on the firearm charge was an upward departure from the Guidelines. *Id.* For the reasons explained by the Court during the sentencing hearing, this departure was reasonable as this was done in order for the Court to achieve an aggregate sentence which was fair under all the circumstances surrounding this case and to reflect the egregiousness of defendant's actions with the firearm. *Id.*

The record demonstrates that the sentence imposed by the Court was reasonable and commensurate with the outrageous criminal conduct committed by defendant. Defendant approached Santiago and fired his gun fourteen times, striking Santiago eleven times. Defendant fired multiple times after Santiago had fallen to the ground, either defenseless or already dead. While defendant had a prior record score of zero, all parties agreed and acknowledged that this score grossly understated defendant's degree of criminality, as defendant was a career drug dealer, managing the sale of drugs in the area where this crime was committed. The Court's aggregate sentence of 23 ½ to 47 years explicitly reflected the Court's careful balancing of all relevant sentencing factors, including the mitigating evidence submitted by defendant. Because there is no basis to defendant's claim that the sentence was in any way unreasonable, it should not be disturbed.

### III. CONCLUSION

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

_____

GLENN B. BRONSON, J.

4