J-S73032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| JUSTIN RAPHAEL JOHNSON | | |
| Appellant | | No. 420 WDA 2016 |

Appeal from the Judgment of Sentence June 30, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002847-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| JUSTIN RAPHAEL JOHNSON | | |
| Appellant | | No. 421 WDA 2016 |

Appeal from the Judgment of Sentence June 30, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002848-2014

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 25, 2016**

Justin Raphael Johnson ("Appellant") appeals from the June 30, 2015

judgment of sentence entered in the Erie County Court of Common Pleas

following his guilty plea to possession of a controlled substance,[1] possession of a controlled substance with intent to deliver ("PWID"),[2] and possession of a firearm prohibited.[3] After careful review, we affirm.

On May 6, 2015, Appellant entered a negotiated guilty plea to possession of a controlled substance at Docket No. CP-25-CR-0002847-2014, and PWID and possession of a firearm prohibited[4] at Docket No. CP-25-CR-0002848-2014. As part of the negotiated guilty plea, the Commonwealth *nolle prossed* the remaining charges against Appellant.[5]

On June 30, 2015, the trial court sentenced Appellant to a term of 40 to 80 months' incarceration on the PWID conviction, a term of 60 to 120 months' incarceration on the possession of a firearm prohibited conviction to be served consecutively to the PWID sentence, and term of 3 years' probation for the possession of a controlled substance conviction to be

_____

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 6105(a)(1).

[4] 18 Pa.C.S. § 6105(a)(1).

[5] At Docket No. CP-25-CR-0002847-2014, the Commonwealth *nolle prossed* two counts of PWID, one count of possession of a controlled substance, and one count of possession of drug paraphernalia. At Docket No. CP-25-CR-0002848-2014, the Commonwealth *nolle prossed* one count of possession of a controlled substance, one count of possession of drug paraphernalia, one count of receiving stolen property, one count of firearms not to be carried without a license, and one count of conspiracy to commit receiving stolen property.

served consecutively to the possession of firearms prohibited conviction. Appellant's aggregate sentence was therefore 100 to 200 months' incarceration followed by 3 years' probation.

Appellant did not file a direct appeal. However, on September 23, 2015, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*., claiming ineffective assistance of counsel and seeking the reinstatement of his post-sentence and direct appeal rights. The PCRA court granted Appellant's PCRA petition on January 21, 2016.

On February 19, 2016, Appellant filed a motion for reconsideration/modification of sentence, which the trial court denied on February 22, 2016. On March 21, 2016, Appellant filed a notice of appeal. On April 8, 2016, Appellant filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Pa.R.A.P. 1925(a) opinion on April 13, 2016.

Appellant raises the following three (3) issues for our consideration:

A. Whether the sentencing court abused its discretion in imposing a consecutive sentencing scheme as to the sentence imposed at docket number 2848 of 2014, which amounted to a manifestly excessive sentence?

B. Whether the lower [c]ourt committed legal error and abused its discretion in failing to set forth a legally sufficient contemporaneous statement in support of the imposition of a consecutive sentencing scheme?

C. Whether the legal predicate cited by the sentencing [c]ourt for the imposition of a consecutive sentencing scheme at docket number 2848 of 2014 that the respective criminal offenses

occurred at different times was not factually accurate and thus failed to comprise a valid and legally justifiable predicate for that sentencing election of consecutive sentences?

Appellant's Brief, p. 2.

Appellant's claims challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Here, Appellant filed a timely notice of appeal and preserved his discretionary aspects of sentencing issue in a motion for reconsideration of sentence. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, p. 4. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); ***see also*** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." ***Id.*** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***; ***see also Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, a claim that a sentence is unreasonable because the trial court decided to run certain portions of it consecutive to one another also does not raise a substantial question for our review. ***See Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa.Super.2005) (a claim that the consecutive nature of sentences violates the Sentencing Code fails to raise a substantial question for review). A substantial question exists where the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines.[6] ***Commonwealth v. Monohan***, 860 A.2d 180, 182 (Pa.Super.2004).

_____

[6] Further, "[i]n every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." ***Commonwealth v. Curran***, 932 A.2d 103, 106 (Pa.Super.2007) (citing 42
*(Footnote Continued Next Page)*

Further, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013); *see also Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim."). However, a challenge to the consecutive imposition of sentences as unduly excessive together with a claim that the court failed to consider mitigating factors does present a substantial question. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super.2015).

Here, Appellant alleges that the trial court imposed an unreasonable sentence by imposing consecutive sentences without adequate consideration

*(Footnote Continued)* ───────────

Pa.C.S. § 9721). However, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010).

of mitigating factors raised at sentencing.[7]  **See** Appellant's Brief, 4-5. Additionally, Appellant asserts that the trial court did not adequately place reasons on the record as to why it imposed the sentence it did.  **See id.** Based on the above authority, we conclude that Appellant raises a substantial question for review.  **See Swope**, **supra**.  We will therefore address the merits of Appellant's discretionary aspects of sentencing claim.

We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.  An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will.  It is more than just an error in judgment.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion.  Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and

---

[7] Although not enumerated in Appellant's brief, at sentencing, counsel for Appellant argued Appellant's age, his past good deeds, his prior enrollment in school, his drug addiction, and his acceptance of responsibility as factors that should have mitigated his sentence.  **See** N.T. 6/30/2015, pp. 5-9.

on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b).

In imposing sentence, the trial court considered the sentencing guidelines, the pre-sentence investigation report, the circumstances of the crimes, Appellant's background and criminal history, the arguments of counsel, the testimony of Appellant's mother, and the testimony of Appellant himself. N.T. 6/30/2015, pp. 5-15. The trial court then sentenced Appellant to a standard range sentence thusly:

> I have read the presentence report in its entirety, including the Sentencing Guidelines. I've listened to what you had to say and your lawyer has had to say, Mr. Johnson, and what your mom has had to say. And I certainly empathize with your mom that she has to be here today. And I accept her representations of your good qualities and things that you have done, and that you are a caregiver and the things that she described. And that makes – that's what makes it even more heart wrenching that she has to be here today.
>
> I mean, because the reality is this, and it's no secret here, I mean, you've been in the criminal justice system as a juvenile for felony sexual offences while you were still in the juvenile system because you didn't get discharged from Juvenile Court until August 17th of 2004. But while you are in the juvenile system you commit your first offenses as an adult, which are drug offenses, committed on June 9th of 2004. So you are – you basically went nonstop from the Juvenile System to the Adult System and you remained in the Adult System and you keep digging yourself deeper and deeper in the Adult System.
>
> In 2004, in addition to the offenses in Erie County, you are involved in a number of robberies down in Allegheny County for which you were given 5 to 10 years at that point. And obviously that's very serious.
>
> In 2005 you have a prior possession with intent to deliver cocaine, which is what's involved in this case. And in that case, according to the presentence report, it was 30.2 – 32.2 grams of

cocaine. So then you get out. You also have possession and drug charges for which I sentenced you back in November of 2014 that were committed in February of 2014. One was February 4th and the other was February 16th.

Meanwhile, these offenses that you are here on involved you selling crack cocaine on two separate occasions from your apartment in Granada on January 2nd of 2014, and the other is on June 12th of 2014. Then when you are arrested on those charges, you have a loaded gun and 6.15 grams of cocaine on you. I mean, that's a pretty consistent pattern.

You know, I recognize that at some point you were involved in school. And I accept your counsel's representation you are an intelligent person. You strike me as an articulate person. But unfortunately, you have chosen to use your intelligence in a criminal manner, and it's while you are on supervision, on state supervision you're engaged in these behaviors.

You are selling crack cocaine in this community and you're in possession of a loaded firearm. Those are two very lethal influences in this community, and I can't just wink at it and say, oh, geez, you'll never do that again. Because your track record tells me just the opposite.

Now I'm going to fashion a sentence here that's going to hold you accountable for each one of these separate offenses. I'm not going to – there is a light at the end of the tunnel, and it's up to you to make something of your life, and I certainly hope you do, and I certainly hope you do something to make your mother proud of you.

What I'll do is this: At Count 1, Docket Number 2848 of 2014, order a sentence in the middle of the standard range of the Sentencing Guidelines of 40 to 80 months. Order court costs. Order the lab fee of $113.

At Count 5 at Docket Number 2847 – I'm sorry. Count 5 is Docket 2848, which is the possession of a firearm, loaded firearm. Order a sentence which appears to be in the mitigated range of the Sentencing Guidelines of 60 to 120 months. I mean, that's a whole separate day, a whole separate set of facts, and a whole different crime. I'll make that consecutive to Count 1 at Docket 2848. As part of that there is a lab fee for the firearm of $162.

At Count 3 at Docket Number 2847 of 2014, I'll order a period of probation of 3 years, which I note is below the mitigated range of the Guidelines. And that will be consecutive to Count 5 at Docket Number 2848 of 2014.

N.T. 6/30/2015, pp. 13-16.

We find no abuse of discretion in the trial court's imposition of Appellant's standard range sentence. Further, the trial court adequately explained the imposition of sentence on the record. Accordingly, Appellant's excessiveness claims fail on the merits.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/25/2016

- 10 -