J-S60006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN CHRIS CHAPMAN :
:
Appellant : No. 624 MDA 2018

Appeal from the Judgment of Sentence March 14, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002210-2017

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 09, 2019**

Appellant, Kevin Chris Chapman, appeals from the judgment of sentence entered following his convictions of possession with intent to deliver a controlled substance and endangering the welfare of children.[1] In addition, appellate counsel has filed a petition to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the history of this case as follows:

On December 14, 2017, [Appellant] pled guilty to one count of possession with intent to deliver crack cocaine and one count of endangering the welfare of children. The charges arose on

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 4303.

---

* Retired Senior Judge assigned to the Superior Court.

September 15, 2017, when [Appellant] conducted a drug transaction in his car in the presence of his three children, who were ten, six and six months old. When the police searched [Appellant], he had 11.6 grams of crack cocaine in his possession.

On March 14, 2018, [Appellant] was sentenced to an aggregate sentence of 4 to 10 years. [Appellant's] counsel represented that [Appellant] was having financial trouble, and that he loves his children and resorted to this activity because he was trying to keep a roof over their heads. Transcript of March 14, 2018 Sentencing at 3. [Appellant] also stated that he was just trying to make sure his wife and kids were not homeless. Id. at 4. The court noted that [Appellant] expressing concern about his wife and kids, when he came from his home in New York to Pennsylvania with two children and an infant in the car with him to make a drug sale hardly sounds like concern for his children. Id. The court asked whether he was aware of how a drug deal can go bad and turn into a dangerous situation, and [Appellant] said that he was. Id. The court stated that this was purely a financial situation and one in which he was exposing three children to danger. Id. at 5. The court also noted that he was on New York State Parole at the time, and that he appeared to be here for the sole purpose of making money. Id. The court also stated that his assets include not only a home, but also a 2013 Porsche and a 2015 Mercedes, and if he needed money to save his house, he could have sold the Porsche instead of drugs. Id. at 5-6.

On the charge of possession of a controlled substance with intent to deliver, the court sentenced [Appellant] to 3 to 8 years. Id. at 6. On the count of endangering the welfare of children, the court sentenced [Appellant] to 1 to 2 years, consecutive to the first sentence. Id. The aggregate sentence was thus 4 to 10 years. The court noted that the sentence for the possession with intent to deliver charge was in the aggravated range because this was purely a financial enterprise on [Appellant's] part, he was not an addict, and he has absolutely no ties to Lackawanna County and obviously came here specifically to sell drugs. Id. at 6-7. The court stated that it took into consideration the nature and gravity of the offense, [Appellant's] specific actions, and his rehabilitative needs, which are minimal since he does not have a drug habit. Id. at 7.

On March 19, 2018, [Appellant] filed a motion for reconsideration which was denied that same date. On April 6,

2018, [Appellant] filed a Notice of Appeal, and on April 9, 2018, this court ordered [Appellant] to file a concise statement of the matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On April 30, 2018, [Appellant] filed a Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 6/12/18, at 1-3. The trial court likewise complied with Pa.R.A.P. 1925(a).

As noted, counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that she conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant

that he could represent himself or that he could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the **Anders** brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has identified the following two issues that Appellant believes entitle him to relief:

> A. Whether the sentencing court imposed a sentence on the [possession with intent to deliver] charge in the aggravated range where there were no aggravating circumstances surrounding the commission of the crime?

> B. Whether the sentences imposed were inappropriately harsh, excessive, unreasonable and an abuse of discretion?

**Anders** Brief at 4. These two issues raise challenges to the discretionary aspects of sentencing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id***.

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-

- 5 -

sentence motion,[2] and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Rule 2119(f) statement, Appellant first argues that the trial court abused its discretion in imposing a sentence in the aggravated range when it relied solely upon an impermissible factor. Appellant's Brief at 9-10. Appellant claims that the trial court based its reasoning for the aggravated sentence on the sole fact that Appellant was selling drugs for profit. *Id*. at 10. "This Court has found a substantial question exists where the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines." *Commonwealth v. Robertson*, 874 A.2d 1200, 1212 (Pa. Super. 2005) (citing *Commonwealth v. Monahan*, 860 A.2d 180, 182 (Pa. Super. 2004)). Similarly, we have held that a substantial question exists where an appellant has claimed that the sentencing court considered improper factors in placing the sentence in the aggravated range. *See*

---

[2] The Commonwealth argues that this issue has not been preserved for review because Appellant did not raise a claim that there were no aggravating circumstances surrounding the crime in his post-sentence motion filed with the trial court. Commonwealth's Brief at 4. Upon review of Appellant's motion for reconsideration of sentence, it appears that the Commonwealth is making a hyper technical argument with regard to the framing of the issue. Accordingly, we decline to conclude that the claim is waived.

*Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005) ("Based on [the a]ppellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that [the a]ppellant presents a substantial question on appeal."). Therefore, insofar as Appellant implies that the court imposed an aggravated-range sentence based upon impermissible factors, a substantial question exists. As such, we will review the merits of Appellant's first sentencing claim.

Pertaining to his second issue, Appellant claims that the trial court's sentences were inappropriately harsh and excessive. Appellant's Brief at 10-11. We do not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citing *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)). *See also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa. Super. 2013) (observing that a bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim); *Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007) (claiming a sentence is excessive or unreasonable does not raise a substantial question). Accordingly, we are constrained to conclude that Appellant has failed to present a substantial question for our review. Thus, we decline to address appellant's second sentencing issue.

Appellant asserts that, in fashioning his sentence, the sentencing court improperly imposed an aggravated-range sentence. Appellant's Brief at 11-

13. Appellant claims the trial court improperly relied on the fact that he was selling drugs for profit, which was considered in the Sentencing Guidelines. *Id*. at 12. However, we discern no abuse of discretion on the part of the sentencing court.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[3] When imposing a sentence, the

_____

[3] The ***Walls*** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:

sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*.

Moreover, the Pennsylvania Supreme Court reiterated "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be

---

(d) Review of the record—In reviewing the record the appellate court shall have regard for:

(1) The nature of the circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

*Walls*, 926 A.2d at 963.

respected and considered; they recommend, however, rather than require a particular sentence." ***Commonwealth v. Perry***, 32 A.3d 232, 240 (Pa. 2011) (citation omitted).

> Simply put, the sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy . . . is not required.  The sentencing judge must explain its deviation from the guidelines if he or she chooses to sentence outside the guidelines. . . .  The sentencing court is **not** required to state its reasons for sentencing within one **guideline range** over another.

***Commonwealth v. Hill***, 629 A.2d 949, 953 (Pa. Super. 1993) (citations and quotations omitted, emphases in original).

Further, "[t]he guidelines only include a prior conviction score and do not take into account whether an offense is committed while the offender was on probation, parole or some other form or type of supervised release." ***Commonwealth v. Simpson***, 829 A.2d 334, 339 (Pa. Super. 2003).  "This is an extraneous factor that can be separately considered by the sentencing court." ***Id***.  (observing that the sentencing court may consider a defendant's probation/parole status at time of crime in fashioning sentence).

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988)).

Our review of the record reflects that, at the time of Appellant's sentencing, the trial court had received and reviewed a presentence report. N.T., 3/14/18, at 2-3, 7. Further, the trial court heard argument from Appellant's counsel, which included exceptions to the presentence report. *Id*. at 2-4. The trial court then heard Appellant's allocution. *Id*. at 4.

Immediately following Appellant's allocution, the trial court had the following interaction with Appellant:

> THE COURT: [Appellant], saying that you're concerned about your wife and your kids, when you're coming from New York to Pennsylvania, and you have two toddlers and an infant in the car with you to make a drug sale, I mean that hardly sounds like concern for your children. I'm sure you may be aware, or you can at least imagine how a drug deal can go bad, and it can turn into a dangerous situation, correct?
>
> [APPELLANT]: Correct.
>
> THE COURT: You got two kids in the car. And to say, well, I needed money so I'm selling drugs, I have more sympathy for someone who has a habit and who needs to sell drugs in order to address the banking needs. In your case, this is purely a financial situation, and one in which you're exposing two toddlers, an infant, and you're on New York State parole at the same time. You indicated that you don't have a drug problem. So I can only conclude that you're here for the sole purpose of making money and you don't mind if it's at the expense of someone else. And I note, when you listed your assets, your attorney referred to you[r] home, but I also note among the financial assets are a 2013 Porsche and a 2015 Mercedes.
>
> [APPELLANT]: Yes, sir.

N.T., 3/30/17, at 4-5.

- 11 -

Also, at the time it imposed the judgment of sentence, the court offered

the following comments, thereby revealing that it had considered Appellant's

presentence report:

> In regard to the charge of possession of a controlled substance ..., you're to be incarcerated in a state correctional system for a minimum period of time which shall be three years to a maximum which shall be eight years. With regard to ... endangering the welfare of children, violating a duty of care, I'm going to order that you be incarcerated for a minimum period of one year to a maximum which shall be two, and they will be consecutive to each other, so that it is an aggregate sentence, the minimum four years, the maximum shall be ten years. I note that the sentence on the endangering the welfare is in the standard range, however, the sentence for the [possession with intent to deliver conviction] is in the aggravated range. I've gone there because of the fact that this is purely a financial enterprise on your part. That you were not an addict. You have absolutely no ties to Lackawanna County or this area, and you obviously came here specifically to sell drugs. Accordingly, the minimum in that case is in the aggravated range. . . .
>
> I've taken into consideration the nature and gravity of the offense, your own specific action in this matter, the rehabilitative needs, which are minimal, since you indicated there is no drug habit here and the entire contents of this [presentence] investigation. . . .

*Id*. at 6-7.

The trial court further elaborated its reasoning for imposition of the

specific sentence upon Appellant in its written opinion, as follows:

> Here, the court gave several reasons for the sentences imposed, including that [Appellant ]had his three children in the car with him while he conducted drug transactions, exposing them to great danger. The court also considered that [Appellant] drove here from New York for the sole purpose of selling drugs, and that he was not selling drugs to support a drug habit but rather for financial reasons. The court also considered that [Appellant] was on New York State parole when he committed these crimes.

- 12 -

> Furthermore, the court stated that the sentence on the possession with intent to deliver charge was in the aggravated range because this was purely a financial enterprise on [Appellant's] part, he was not an addict, and he has absolutely no ties to Lackawanna County and came here specifically to sell drugs. Contrary to [Appellant's] assertion, the court did not sentence him in the aggravated range because of his prior record score. [Appellant] has not shown how the sentences were not appropriate under the Sentencing Code or contrary to the fundamental norms underlying the sentencing process, and thus has not shown that the sentences were harsh or excessive. [Appellant] has also failed to show that there were not aggravating circumstances justifying a sentence in the aggravated range.

Trial Court Opinion, 6/12/18, at 4.

We conclude that the reasons the trial judge offered for the sentence he imposed were more than sufficient, and his consideration of the fact that Appellant was on parole at the time he committed the present crimes was made in conjunction with other factors. Also, because the trial court had been fully informed and relied upon the presentence report, we conclude that the trial court did not abuse its discretion in fashioning Appellant's sentence. Accordingly, Appellant's claim that the trial court failed to consider the appropriate factors in imposing a sentence within the aggravated range of the sentencing guidelines lacks merit.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we

grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2019